O’NIELL, C. J.
 

 This case presents only a question of interpretation of the third section of Act No. 292 of 1926, p. 526, declaring motor carriers public utilities, and putting them under the jurisdiction of the Public Service Commission. The first paragraph of that section of the act requires every motor carrier on the public highways to obtain from the commission a certificate of public convenience and necessity. The third paragraph provided that motor carriers operating in good faith at the time the act went into effect should file with the commission an affidavit, declaring the principal placa of business of the carrier, and giving full information as to the physical property, with a map of the route over which the carrier; was operating and a schedule of the operations, and a declaration that the carrier had been actually operating over the route in good faith, and a statement of the liability insurance or bonds required by the sixth section of the act.
 

 When the act went into effect, M. Sally was operating a motor carrier over the public •highway from Shreveport through Mansfield to Pleasant Hill, and had been so operating, in •good faith, under a permit from the police ■jury and in compliance with the regulations of 'the highway commission, since the beginning 'of the year 1926. Being ignorant of the requirements of the fact of 1926, Sally neglected to make the affidavit provided for in the third paragraph of section 3; and, in December, 1928, W. P. Leonard applied for and obtained a certificate of convenience and necessity for the operation of a motor carrier between Shreveport and Leesville, through Mansfield and Pleasant Hill, and, having complied with the requirements of the statute, began operations. The Leonard Truck Lines, Inc., is the successor to W. P. Leonard, having acquired his rights under the certificate of convenience and necessity, with the approval of the Public Service Commission.
 

 In January, 1929, Leonard notified Sally to quit operating over the route, and in February Sally and Leonard entered into an agreement to operate jointly under Leonard's-certificate; but the agreement was dissolved at the end of the month, and Sally then resumed operations.
 

 In May, 1929, Leonard brought proceedings by affidavit before -the Public Service Commission to compel ■ Sally to cease operations; whereupon Sally made application under the third paragraph of section 8 of the act, and in answer to Leonard’s complaint claimed his right under the statute. After hearing evidence, the commission decided in favor of Sally, granting him a certificate of convenience and necessity, and permitting him to continue operating under the third paragraph of section 3 of the act, and rejecting the complaint of the Leonard Truck Lines, Inc., successor to W. P. Leonard. The Leonard Truck
 
 *405
 
 Lines, Inc., then brought suit in the district court to reverse the ruling of the commission; and the ruling was there affirmed. The Leonard Truck Lines, Inc., has appealed from the decision.
 

 There is no precedent on which to decide the case: The Public Service Commission and the district court based their ruling upon the fact that the Legislature had not fixed a time limit In which a motor carrier operating in good faith when the statute went into effect should file the affidavit provided for in the third paragraph of section 3 of the act, and concluded that the commission had no authority to fix any such time limit. Assuming, for the sake of argument, that the commission has the authority to fix a time limit in which motor carriers who were operating when the statute went into effect shall avail themselves of the privilege granted by the third paragraph of section 3 of the act, it is certain that the statute does not in terms fix any such time limit, or compel the Public Service Commission to fix one. In a doubtful case, such as this, and with no precedent for our guidance, we defer largely to the judgment of the Public Service Commission, the tribunal especially invested with the authority and duty of administering and applying the provisions of the statute. No injustice is done to the appellant by the ruling complained of.
 

 The judgment is affirmed.